**Kevin HARRIS, Plaintiff–Appellant,**

v.

**Keith ERRKILA, et al., Defendants–Appellees.**

No. 02–1370.

United States Court of Appeals, Sixth Circuit.

Oct. 22, 2002.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

Kevin Harris, a Michigan state prisoner, appeals pro se a district court order dismissing his civil rights action, filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Harris filed this complaint against several employees of the Michigan Department of Corrections. He alleged that he was mistreated by prison guards, including having his shower privileges revoked for three weeks in response to his "flashing" a female guard, when other prisoners who engaged in the same conduct were not punished; being placed on hard property restriction for banging a can against his sink, which he alleged that he stopped when ordered; and being falsely charged with keeping food items in his cell, resulting in his placement on food loaf.

A magistrate judge recommended that the complaint be dismissed. It was noted that Harris stated in his complaint that he had not yet filed a grievance concerning his complaints, and that he was on modified grievance access, which made filing grievances more difficult. Therefore, the magistrate judge concluded that the complaint was subject to dismissal for failure to exhaust administrative remedies. Alternatively, the magistrate judge recommended that the complaint could be dismissed for failure to state a claim, as it implied the invalidity of disciplinary convictions which had not been overturned, contrary to *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

Harris filed objections to this recommendation, and also moved to amend his complaint. Attachments to the proposed amended complaint showed that he had attempted to avoid the proper procedures for prisoners on modified grievance access, and that his defective grievances concerning the issues raised in his complaint had been rejected. Other attachments also indicated that he had been able to successfully grieve matters unrelated to his complaint through the modified grievance procedures. The district court concluded that any amendment to the complaint would be futile, and that the complaint must be dismissed for failure to exhaust administrative remedies. Harris reasserts his claims on appeal.

This court reviews the dismissal of a prisoner civil rights complaint for failure to exhaust administrative remedies de novo. *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir.1997). Dismissal without prejudice is proper where it is clear that administrative remedies were not exhausted. *Id.* Remedies must be exhausted before the complaint is filed, not during the pendency of the action. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999). In this case, Harris admitted that he had not yet exhausted his administrative remedies at the time he filed his complaint. Documentation which he submitted later showed that he subsequently filed grievances regarding his complaints, but failed to follow the proper procedure for inmates on modified grievance access, and accordingly had his grievances rejected. The record also showed that Harris was able to successfully grieve issues when he followed the proper procedure. Therefore, the district court's dismissal of the complaint for failure to exhaust administrative remedies

was correct. Moreover, the district court also appropriately denied the motion to amend the complaint, as any amendment would be futile where it was clear that administrative remedies had not been exhausted. *See Coe v. Bell,* 161 F.3d 320, 341 (6th Cir.1998).

Accordingly, the dismissal of this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.